Nash, J.
In the opinion of his Honor belowwe concur. The judgment of a Justice is not a matter of record, but *425 to many purposes, it has the qualities -of one. . It determines, between the parties, their respective rights in the matter hi controversy. Neither party can, in a subsequent proceeding to enforce it, deny.or contest the matter of fact ascertained by it. In an. action of debt upon it, as this is, its validity cannot, in pleading, be impeached or affected by any supposed defect or illegality in the transaction, on which it is founded ; and, consequently, it is not necessary to state the circumstances or consideration, on which it is founded. 1 Chit. PL 354. It is well settled, that, in pleading to a scieri facias to revive a judgment- or to an action of debt upon it, no matter of defence can be pleaded, which existed anterior to the recovery of the judgment. 3 East 258. A East 311. The infancy of the defendant, Adeline, at the time the first or original judgment was obtained, might have been a good defence. She either did make it on that trial or she did not. If she did, it is then res adjudicata, and she is concluded by it, as the judgment is in full force. If she did not, then she is, by the principle before stated, excluded from making’it now. That judgment not only ascertained the amount due to the plaintiff, but that she was in Jaw bound to pay it. But an effectual answer in this case is, that the plea of infancy was not tendered by the defendants. When she married the other defendant, Solomon Pair, it was an existing debt of hers, and in this action the plaintiff has a clear right to recover it.
PeR Cueiam. Judgment accordingly.